# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN KEYSHONE ROLLEN,<br><br>    Petitioner,<br><br>    v.<br><br>U.S.C.,<br><br>    Respondent. | Case No. ED CV 17-1503 RGK (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court vacates the reference of this action to the Magistrate Judge and dismisses Petitioner's defective state habeas action.

\* \* \*

Petitioner, an inmate at the state prison in Susanville, filed a motion "for extension of time." (Docket # 1.) He does not have an active case on file in this district, but the remainder of the filing suggests that he wishes to file a habeas action in this Court following the conclusion of state court proceedings.

The Court construes the motion as an attempt to extend the deadline to file a future habeas petition challenging his state court criminal conviction. This

procedure does not comply with the rules of this Court, so Petitioner's action must be dismissed.

* * *

Petitioner has not filed an actual habeas petition, nor has he filed any other materials with this Court in connection with his case. According to the motion, Petitioner is waiting for transcripts from his underlying criminal case before commencing a habeas action. Petitioner's motion is not accompanied by any information regarding his criminal case or the claims of error he wishes to assert on habeas review.

As a result, Petitioner failed to comply with the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(d) expressly requires that a state prisoner commence a habeas action by using a standard form prepared by the Court. In our district, prisoners must complete Form CV-69. That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue here.

A state prisoner must begin his case by filing a petition for a writ of habeas corpus. Petitioner's request for an extension to file his federal habeas petition – in the absence of a properly filed petition – is inadequate and premature. If he files an action after the statutory deadline, Petitioner may be entitled to request equitable tolling of the limitations period.[1] However, at this stage, the Court cannot extend the habeas filing period as Petitioner requests.

---

[1] The Court observes that a state prisoner generally has a one-year period after a conviction becomes final (generally, after the conclusion of all appellate proceedings) to commence an action for federal habeas review. 28 U.S.C. § 2244. In California, when a prisoner does not seek certiorari review of a conviction in the U.S. Supreme Court, a prisoner's conviction generally becomes final 90 days after the state supreme court denies a petition for review. Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005).

Therefore, this action is DISMISSED without prejudice.  For Petitioner's convenience, the Clerk is directed to send him a blank Form CV-69 with a copy of this Order.

IT IS SO ORDERED.

Dated: August 03, 2017

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE